**In Re Thomas J. SCANLON,**
**Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 04–BG–432.**

District of Columbia Court of Appeals.

Submitted Dec. 8, 2004.

Decided Jan. 6, 2005.

Before WASHINGTON, Associate Judge, and FERREN and NEBEKER, Senior Judges.

PER CURIAM:

The Board on Professional Responsibility ("Board"), in accord with the Hearing Committee, has found that respondent violated Rules 8.1(b) (failure to respond to disciplinary authority) and 8.4(d) (serious interference with the administration of justice) of the Rules of Professional Conduct and D.C. Bar R. XI, § 2(b)(3) (failure to comply with an order of the Board). Respondent's misconduct occurred during the course of Bar Counsel's investigation of respondent involving an allegation of unauthorized practice of law while suspended.[1] Respondent did not respond to Bar Counsel letters that were personally served on him.[2] Further, respondent did not comply with a Board order to respond to Bar Counsel's inquiries nor did he participate in the hearing before the Hearing Committee. The Board agreed with the Hearing Committee's conclusions regarding the rule violations but disagreed with both the Hearing Committee and Bar Counsel as to the sanction. The Hearing Committee and Bar Counsel recommended that respondent be suspended for thirty days with a requirement to prove fitness as a condition of reinstatement. The Board, after analyzing the violations with similar cases and the various sanctions imposed, recommends that respondent be suspended for thirty days with reinstatement conditioned

---

1. On November 30, 1993, respondent was administratively suspended from the practice of law for failure to pay bar dues. Respondent remains administratively suspended.

2. Bar Counsel elected to personally serve respondent following several unsuccessful mailings to respondent at the various addresses listed in the Bar's records.

upon his filing a response to the disciplinary complaint and his completion of six hours of continuing legal education courses in the area of legal ethics and professional responsibility. Bar Counsel has informed the court that she takes no exception to the Board's report and recommendation. Respondent has not filed any exceptions to the Board's report and recommendation. Thus, we give heightened deference to the Board's recommendation. *See* D.C. Bar R. XI, § 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997); *In re Hitselberger*, 761 A.2d 27 (D.C.2000).

 This court will accept the Board's findings as long as they are supported by substantial evidence in the record. D.C. Bar R. XI, § 9(g)(1). Moreover, we will impose the sanction recommended by the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." *Id.* We find substantial support in the record for the Board's findings, and, accordingly, we accept them. Likewise, we adopt the sanction recommended by the Board, as it is not inconsistent with discipline imposed in similar cases involving failure to cooperate with a Bar Counsel investigation. A thirty-day suspension with reinstatement conditioned upon respondent's filing a response to the disciplinary complaint and his completion of six hours of continuing legal education courses falls within the range of discipline for similar violations. *See, e.g., In re Steinberg*, 761 A.2d 279, 284 (D.C.2000) (thirty-day suspension); *In re Beaman*, 775 A.2d 1063 (D.C.2001) (thirty-day suspension); *In re Lilly*, 699 A.2d 1135 (D.C. 1997) (thirty-day suspension with reinstatement conditioned upon compliance with Bar Counsel requests for information); *In re Giles*, 741 A.2d 1062 (D.C. 1999) (thirty-day suspension and fitness requirement); *In re Delaney, supra*, 697

A.2d 1212 at 1214 (thirty-day suspension and fitness requirement). Accordingly, it is

ORDERED that Thomas J. Scanlon is suspended from the practice of law in the District of Columbia for the period of thirty days with reinstatement conditioned upon his filing a response to the disciplinary complaint and his completion of six hours of continuing legal education courses in the area of legal ethics and professional responsibility. We direct respondent's attention to the requirements of D.C. Bar R. XI, § 14(g), and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*