In re Michael O. BURNETT,
Respondent.

A Member of the Bar of the District
of Columbia Court of Appeals.

No. 04–BG–1476.

District of Columbia Court of Appeals.

Submitted July 12, 2005.

Decided July 21, 2005.

Before: GLICKMAN, Associate Judge and NEWMAN and KERN, Senior Judges.

PER CURIAM.

In this original disciplinary proceeding against respondent Michael O. Burnett, the Board on Professional Responsibility ("Board") recommends that he be suspended for 30 days with reinstatement conditioned on his responding to Bar Counsel's

inquiries in pending investigations and demonstrating fitness to practice law.[1]

On April 11, 2003, Bar Counsel filed a specification of charges citing respondent for violating Rules 8.1 and 8.4(d) of the District of Columbia Rules of Professional Conduct and D.C. Bar R. XI, § 2(b)(3).[2] Although respondent was personally served, he did not respond to the charges or participate in the ensuing proceedings before the hearing committee or the Board. The charges were based on respondent's total failure to respond or cooperate with Bar Counsel in the investigation of three other disciplinary complaints that were filed against him in 2001 and 2002 (in Bar Docket Nos. 150–01, 150–02 and 247–02) and that were still open. On November 18, 2003, following an evidentiary hearing, the Hearing Committee issued its report and recommendation finding that respondent had knowingly violated the cited rules. No exceptions to the Hearing Committee's Report and Recommendation were filed by either Bar Counsel or respondent, and its findings were adopted by the Board. The Board recommends that respondent be suspended for 30 days with reinstatement conditioned upon his answering Bar Counsel's inquiries in the three open investigations and demonstrating his fitness to practice law.

There is substantial support in the record for the Hearing Committee's and Board's findings, and we therefore accept them. D.C. Bar Rule XI, § 9(g). Further, as no exception has been taken to the Board's recommendation, we give it heightened deference and will adopt it so long as it lies within the scope of sanctions rendered in comparable cases. See D.C. Bar Rule XI, § 9(g)(2); In re Delaney, 697 A.2d 1212, 1214 (D.C.1997) (internal citations omitted).

We repeatedly have held that an attorney's failure to respond to Bar Counsel's inquiries in an investigation of a disciplinary complaint or to obey an order of the Board to do so violates Rules 8.1(b) and 8.4(d); D.C. Bar Rule XI, § 2(b) specifically states, moreover, that failure to comply with a Board order is grounds for discipline. See, e.g., In re Delaney, supra; In re Beller, 802 A.2d 340, 341 (D.C.2002). Where, as in this case, the attorney has demonstrated a persistent pattern of indifference toward the disciplinary procedures by which the D.C. Bar regulates itself, a thirty-day suspension coupled with the reinstatement conditions proposed by the Board is supported by our cases. See, e.g., In re Lockie, 649 A.2d 546, 547 (D.C.1994); see also Delaney, 697 A.2d at 1213–14. Accordingly, it is

ORDERED that Michael O. Burnett be and hereby is suspended for 30 days with reinstatement conditioned on both his responding to the inquiries of Bar Counsel in the pending disciplinary investigations and his demonstrating fitness to practice law. We direct respondent's attention to the requirements of D.C. Bar R. XI, § 14(g), and their effect on his eligibility for reinstatement. See D.C. Bar R. XI, § 16(c)..

*So ordered.*

---

1. We note that respondent also is currently suspended from the Bar for failure to pay Bar dues.

2. Rule 8.1 requires attorneys to respond reasonably to lawful demands for information from disciplinary authorities; Rule 8.4(d) prohibits attorneys from engaging in conduct that seriously interferes with the administration of justice; and, D.C. Bar R. XI, § 2(b)(3) provides that attorneys may be disciplined for failing to comply with orders of this court or the Board issued pursuant to Rule XI.