In re Timothy BROWN, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 366793).

No. 05–BG–564.

District of Columbia Court of Appeals.

Submitted Dec. 13, 2005.

Decided Jan. 19, 2006.

Before GLICKMAN and KRAMER, Associate Judges, and STEADMAN, Senior Judge.

PER CURIAM:

On October 28, 1993, the Maryland Court of Appeals indefinitely suspended the respondent, Timothy Brown, from the practice of law.[1] This discipline was based on a joint petition filed by the respondent and the Attorney Grievance Commission of Maryland. In that petition, the respondent effectively admitted that (1) he charged his client an excessive fee, (2) he failed to respond to attempts to contact him, (3) he failed to return unearned fees, (4) he failed to put a retainer in a separate trust account, and (5) he failed to respond to the Attorney Grievance Commission's inquiries regarding his client's complaint.[2] He also effectively consented to the stringent conditions for reinstatement imposed by the Maryland court.

Bar Counsel filed a certified copy of the Maryland disciplinary order, and on December 21, 1993, this court entered its routine form order in reciprocal disciplinary cases temporarily suspending the respondent and referring the matter to the Board of Professional Responsibility ("the Board") to determine whether identical, greater, or lesser discipline should be imposed as reciprocal discipline, or, in the alternative, whether the Board should proceed *de novo*. On April 15, 1994, however, we vacated this temporary suspension order because previously, on November 8, 1993, we had indefinitely suspended the

cumstances in deciding on whether to enforce the judgment.

1. The respondent's reinstatement was conditioned upon his repayment of $600 to a former client and presentation of satisfactory evidence of his competence "to take care of his personal and business obligations" and

readmittance "only under the supervision of an attorney monitor for a period of two years."

2. These actions violated Maryland Rules of Professional Conduct 1.5, 1.15(a), 1.16(d), and 8.1(b).

respondent from the practice of law under D.C. Bar R. XI, § 13(e) "on account of disability, that disability having resulted from the respondent's long-term abuse of alcohol, marijuana and cocaine." *In re Brown*, 845 A.2d 519, 520 (D.C.2004). At the same time, we dismissed the reciprocal disciplinary proceeding without prejudice and directed Bar Counsel to proceed with its recommendation if the respondent was ever reinstated.

Approximately ten years later, on March 25, 2004, the respondent was conditionally reinstated to the practice of law in this jurisdiction after showing by clear and convincing evidence, pursuant to the requirements of D.C. Bar R. XI, § 13(g), that his disability had ended and that he was fit to resume the practice of law. We further directed Bar Counsel to reactivate three pending original discipline matters from 1993, which had been held in abeyance as a result of the respondent's disability suspension, and to advise the Board regarding its views as to what, if any, action should be taken with respect to the possible imposition of reciprocal discipline in the instant matter. *Id.* at 522–23.

On June 10, 2005, the Board issued a report and recommendation which determined that the imposition of reciprocal discipline is appropriate. With respect to the sanction to be imposed in the District, *see In re Zdravkovich*, 831 A.2d 964, 970 (D.C.2003), the Board concluded that the respondent's Maryland misconduct in itself warranted a suspension in the District for a period of thirty days, the sanction typically imposed in cases involving similar violations. *See, e.g., In re Scanlon*, 865 A.2d 534 (D.C.2005); *In re Beller*, 802 A.2d 340 (D.C.2002); *In re Shaw*, 775 A.2d 1123 (D.C.2001); *In re Mitchell*, 727 A.2d 308 (D.C.1999). The Board also recommended that the respondent's reinstatement be conditioned on his compliance with the restitution requirement imposed in Maryland. *See* note 1, *supra.* Finally, the Board recommended that because the respondent filed his § 14(g) affidavit on March 16, 1994, the thirty-day period of reciprocal suspension should be deemed to have commenced on March 16, 1994, the date of the filing of the affidavit. *See In re Slosberg*, 650 A.2d 1329 (D.C.1994).

Bar Counsel has informed the court that he takes no exception to the Board's report and recommendation, and the respondent has not filed an opposition to the Board's report and recommendation. This failure acts as a concession that reciprocal discipline is warranted, and that the Board's proposed sanction is appropriate. *See* D.C. Bar R. XI, § 11(f); *In re Goldsborough*, 654 A.2d 1285, 1287–88 (D.C. 1995). We note in particular the findings of current fitness and the stringent conditions imposed with respect to the respondent's reinstatement in the District in 2004. *Brown, supra,* 845 A.2d at 522.

Accordingly, it is

ORDERED that Timothy Brown be suspended from the practice of law in the District of Columbia for a period of thirty days. This suspension is ordered *nunc pro tunc* to March 16, 1994, the date the respondent filed the affidavit required by D.C. Bar R. XI, § 14(g). Reinstatement is conditioned upon the respondent's compliance with the restitution requirement imposed in Maryland.[3]

*So ordered.*

---

**3.** We note that separate from the requirements of this reciprocal proceeding, the

respondent's good standing with this Bar includes continued compliance with the conditions imposed upon him in our decision of March 25, 2004. *See Brown, supra,* 845 A.2d at 522.