**In re Timothy BROWN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 366743).**

**No. 06–BG–550.**

District of Columbia Court of Appeals.

Submitted Nov. 8, 2006.

Decided Dec. 14, 2006.

---

Before RUIZ and FISHER, Associate Judges, and STEADMAN, Senior Judge.

PER CURIAM:

The Board on Professional Responsibility adopted the Hearing Committee's recommendation that Timothy Brown, a member of our Bar, be disbarred but that, because his alcohol addiction was the substantial cause of the misconduct and because he is now substantially rehabilitated, his disbarment should be stayed. The Board also recommended that respondent be placed on probation for three years, conditioned on his full satisfaction of the restitution and sobriety monitoring conditions previously imposed upon him by this court, repayment to the Client Security Fund, and payment of interest to former clients. Neither Bar Counsel nor respondent has excepted to this recommendation, and we adopt it.

In 1993, at respondent's request, this court suspended him indefinitely from the practice of law in the District of Columbia because of disability (alcohol and drug addiction), and stayed all disciplinary matters against respondent until such time as respondent's license to practice in the District may be reinstated. *See* D.C. Bar R. XI § 13(e). At the time of respondent's suspension, several serious disciplinary charges were pending against him concerning his representation in three client matters during the late 80s and early 90s.[1]

On November 16, 1999, respondent petitioned this court for reinstatement. The Hearing Committee to which respondent's case was assigned found, by clear and convincing evidence, that respondent's disabilities had ended, that respondent had demonstrated his legal competence, and that he had the necessary moral character to practice law. The Board adopted these

---

1. In Bar Docket No. 273–91, Bar Counsel charged respondent with "misappropriat[ion] and/or fail[ure] to safekeep" funds, failure to maintain complete records of funds and failure to render appropriate accounts regarding the funds, failure to notify his client of the receipt of the client's funds, dishonesty, deceit, misrepresentation, fraud, failure to return papers and property to his client, failure to keep his client reasonably informed as to the status of the client's matter, and intentional prejudice or damage to his client.

In Bar Docket No. 114–92, Bar Counsel charged respondent with failure to keep complete records of funds in the trust account and/or failure to preserve such records, failure to promptly pay funds to the legatees and/or failure to promptly render a full accounting of the funds in the trust account, and "dishonesty, fraud, deceit and misrepre-

sentation in distributing funds" from the trust to himself.

In Bar Docket No. 140–92, Bar Counsel charged respondent with failure to represent his clients zealously and diligently, failure to act with reasonable promptness in representing his clients, failure to keep his clients reasonably informed, withdrawing from representation without providing reasonable notice, withdrawing from representation without surrendering papers to which the clients were entitled, withdrawing from representation without refunding the advanced payment of fees that had not been earned, "dishonesty, fraud, deceit or misrepresentation by keeping $1,000 given to him by his clients as a retainer fee, without having performed any work for his clients," and engaging in the practice of law without having paid annual bar dues.

findings over Bar Counsel's exceptions, and on March 25, 2004, we granted respondent's petition for reinstatement, and ordered Bar Counsel to reactivate the disciplinary matters now before us. *See In re Brown,* 845 A.2d 519, 522 (D.C.2004) (*"Brown I"*); *see also In re Brown,* 890 A.2d 260, 261 (D.C.2006) (*"Brown II"*).

After the three disciplinary matters were reopened, respondent did not challenge that the allegations proved the violations of disciplinary rules. The Board found, by clear and convincing evidence, that respondent misappropriated client funds, *see* DR 9–103(A)[2]; D.C. RULE OF PROF'L CONDUCT 1.15(a), and that he failed to "maintain complete records," "render appropriate accounts," or "notify client of receipt" of those funds. DR 9–103(B)(1)[3], (3)[4]; D.C. RULE OF PROF'L CONDUCT 1.15(a), (b). Additionally, the Board found that respondent engaged in "conduct involving dishonesty, fraud, deceit, or misrepresentation." DR 1–102(A)(4)[5]; D.C. RULE OF PROF'L CONDUCT 8.4(c). The Board also found that respondent failed to take timely steps to the extent practicable to protect his clients' interests, such as surrendering papers and property to which the clients were entitled, in connection with the termination of their representation. *See* D.C. RULE OF PROF'L CONDUCT 1.16(d).[6]

In addition, the Board found that respondent did not represent his clients zealously nor with reasonable promptness. *See* D.C. RULE OF PROF'L CONDUCT 1.3(a), (c). Respondent, who was retained to file a deed to some real estate and to prepare and file the related tax forms, admitted he did not do any work on behalf of this client. The Board concluded that where "a lawyer fails to take any action on behalf of his client, it stands to reason that the same conduct that amounted to neglect will also violate the duty to act with 'promptness'." (quoting D.C. RULE OF PROF'L CONDUCT 1.3(c)).

Additionally, respondent violated Rule 1.4(a) by failing to "keep a client informed about the status of a matter and promptly comply with all reasonable requests for information." Here, respondent not only failed to inform his clients that he had not filed the deed and he had not prepared and filed the related tax form, he never once communicated with his clients.

Further, respondent contravened Rules 1.15(d) and 1.16(d) when he did not return any prepaid unearned fees until 13 years after the representation ended. As respondent's admission suggests, there can be no question that he violated Rule 1.15(d) when he did not return a $1,000

---

**2.** DR 9–103(A), the predecessor of D.C. RULE OF PROF'L CONDUCT 1.15(a), was in effect prior to January 1, 1991. The undisputed evidence shows that respondent paid funds belonging to his clients to himself and his secretary, and did so without his clients' knowledge or consent.

**3.** DR 9–103(B)(*l*), the predecessor of D.C. Rule of Prof'l Conduct 1.15(b), was in effect prior to January 1, 1991. Respondent failed to provide his clients with an accounting of the trust for the years 1990, 1991, and 1992.

**4.** DR 9–103(B)(3), the predecessor of D.C. RULE OF PROF'L CONDUCT 1.15(a), was in effect prior to January 1, 1991. Respondent admits

that he did not attempt to keep records of his clients' funds after November 1990, and the records he did keep do not document the flow of funds or explain the purpose for which withdrawals were made.

**5.** DR 1–102(A)(4), the predecessor of D.C. RULE OF PROF'L CONDUCT 8.4(c), was in effect prior to January 1, 1991. Respondent acknowledges that while he used some of his clients' money to pay legitimate expenses, he spent the remainder.

**6.** Respondent had custody of his clients' papers and property and he did not turn those papers over to his clients when his representation was terminated.

retainer his clients had paid him, as he did not file the deed and did not prepare and file the related tax form.

Finally, respondent violated Rule 5.5(a) since he "practice[d] law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction." Because this court's rules require a lawyer to pay Bar dues or face administrative suspension, *see* D.C. Bar R. II § 6, this court has interpreted this language as having been violated if a lawyer "active[ly] practice[s]" law while on administrative suspension for unpaid dues. *In re Kennedy*, 542 A.2d 1225, 1227 (D.C.1988) (interpreting DR 3–101(B), the predecessor of D.C. RULE OF PROF'L CONDUCT 5.5(a)). Appellant admitted this violation.

The Board recommends that respondent be disbarred from the practice of law in the District of Columbia, but that because respondent has satisfied the requirements for mitigation of sanction set forth in *In re Kersey*, 520 A.2d 321 (D.C.1987),[7] the disbarment be stayed and respondent placed on probation for a three-year period, subject to conditions.

▮▮▮▮ Bar Counsel and respondent have advised the court that they take no exception to the Board's findings and recommendation. Where respondent has not objected to the discipline proposed by the Board, the court's ordinarily deferential standard is even more deferential. *See In*

*re Goldsborough*, 654 A.2d 1285, 1288 (D.C. 1995). Accordingly, we adopt the Board's findings and it is hereby ordered that

Timothy Brown is disbarred, but because his alcohol addiction was the substantial cause of the misconduct and because he is substantially rehabilitated, his disbarment is stayed; and that

Timothy Brown shall be placed on probation for three years, conditioned on

a) full satisfaction of the restitution and sobriety monitoring conditions previously imposed upon him by the court in *Brown I*,[8]

b) repayment to the Client Security Fund of all of the monies that the Fund paid to respondent's clients, plus 6 percent interest, to run from the date of such payments through the date of repayment in full, this repayment plan to be consistent with the plan developed by the financial monitor; and

c) payment to Mr. and Mrs. Herbert Bonnette of interest on their $1,000 retainer that has been repaid, to be calculated at the legal rate of 6 percent, from March 6, 1992 to March 4, 2005. *See* D.C.Code § 28–3302(a) (2001); *In re Dietz*, 633 A.2d 850, 851 (D.C.1993).

*So ordered.*

▮▮▮▮▮▮▮

---

7. *Kersey* held that alcoholism in conjunction with rehabilitation are mitigating factors to be considered in determining discipline. 520 A.2d at 326–27. The Board found that although respondent had suffered from both alcohol and drug addiction, *see In re Marshall*, 762 A.2d 530, 539 (D.C.2000) (cocaine addiction not grounds for *Kersey* mitigation), the Hearing Committee accepted expert testimony that alcohol was the primary cause of respondent's misconduct.

8. *These requirements are that respondent continue his consultation with the District of*

Columbia Bar's Lawyer Counseling Program, as well as his participation in Alcoholics Anonymous at least for three years following reinstatement; be under the supervision of a Board-appointed financial monitor for one year following reinstatement; within one year of reinstatement, complete District of Columbia Bar Continuing Legal Education courses in civil litigation, probate and estate and business organizations, as well as courses in legal ethics and law practice management. *See In re Brown*, 845 A.2d at 522.