**In re Samuel COOPER, III, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 175745).**

**No. 06–BG–892.**

District of Columbia Court of Appeals.

Argued Oct. 3, 2007.

Decided Nov. 21, 2007.

Karl W. Carter, Jr., for respondent.

Wallace E. Shipp, Jr., Bar Counsel, with whom Judith Hetherton, Senior Assistant Bar Counsel, and William R. Ross, Staff Attorney, were on the brief, for the Office of Bar Counsel.

Elizabeth J. Branda, Executive Attorney, for the Board on Professional Responsibility.

Before RUIZ, Associate Judge, and KING and SCHWELB, Senior Judges.

PER CURIAM:

The Board on Professional Responsibility ("Board"), in accord with the Hearing Committee, has found that respondent, Samuel Cooper, III, violated D.C. Bar R. XI, § 2(b)(3) (failure to comply with court order) and District of Columbia Rules of Professional Conduct 8.1(b) (failure to respond to Bar Counsel's lawful demand for information) and 8.4(d) (conduct that seriously interferes with the administration of justice). The Board recommends that respondent be suspended for thirty days, with reinstatement conditioned both on proof of his fitness to resume the practice of law and on his full compliance with Bar Counsel's subpoena, entered on October 15, 2003. Bar Counsel noted a timely exception to a portion of the Board Report and respondent has not filed any exceptions.

Respondent's misconduct arose out of his failure to respond to Bar Counsel's inquires regarding asserted discrepancies in his Interest on Lawyers Trust Account ("IOLTA"). In October 2002, Riggs Bank advised Bar Counsel of overdrafts in respondent's IOLTA account. On December 11, 2002, Bar Counsel sent respondent a letter requesting a detailed explanation for the overdrafts and answers to a set of questions. Two weeks later, Bar Counsel received two additional overdraft notices from Riggs regarding respondent's same account. On January 10, 2002, Bar Counsel mailed respondent a second letter with additional questions regarding the overdrafts and noting that it had not received a reply to the first letter. In February 2003, respondent telephoned Bar Counsel stating that he had not received the two previous letters. Bar Counsel mailed a third letter to respondent on February 13, 2003. The following month, respondent telephoned Bar Counsel again and stated that he still had not received Bar Counsel's letters. The next day, March 13, 2003, Bar Counsel sent a third letter requesting a response within seven days and enclosing copies of the two previous letters. Respondent was personally served on March 17, 2003.

Three months later, in June 2003, respondent faxed and mailed to Bar Counsel two similar letters denying that any Rules of Professional Conduct had been broken and refusing to answer Bar Counsel's questions regarding the overdrafts "because of privacy issues." On July 25, 2003, Bar Counsel mailed to respondent a subpoena, which commanded him to appear at Bar Counsel's office within ten days and to bring specified documents related to the

IOLTA account and client funds. On August 8, 2003, respondent faxed to Bar Counsel a letter that stated, "I have nothing to say. This is my reply." On October 15, 2003, this court issued an order directing respondent to comply with Bar Counsel's subpoena within ten days and mailed a copy to the respondent, who failed to produce the subpoenaed documents. On January 8, 2004, Bar Counsel wrote respondent requesting that he provide the addresses and telephone numbers for two individuals named in respondent's IOLTA account records within seven days. On January 20, 2004, respondent telephoned Bar Counsel and left a voice mail message in response to the letter.

On March 1, 2004, Bar Counsel filed the Specification of Charges and Petition Instituting Formal Disciplinary Proceedings against respondent. Personal service on respondent could not be accomplished, in part because he failed to provide an address at which papers could be delivered. The court entered an order allowing service by alternate means, and the notice of charges was published in the Daily Washington Law Reporter and Legal Times. On March 9, 2004, respondent telephoned the Board and Bar Counsel inquiring about the time and place for the prehearing conference scheduled the following day, which he did not attend. A hearing was held on May 11, 2005. Respondent advised the Board by telephone on May 10 and 11, 2005 that he would not be attending the hearing. In its report, the Hearing Committee *sua sponte* concluded that the substance of the underlying complaint should be treated as confidential under D.C. Bar R. XI, § 17(a).[1]

Both respondent and Bar Counsel filed exceptions to the Hearing Committee Report. Although respondent's counsel filed a brief, neither respondent nor his counsel appeared for oral argument before the Board in April 2006.

On July 31, 2006, the Board issued its Report and Recommendation, which adopted the Hearing Committee's findings of fact, findings of violations, and recommended sanctions. While the Board concluded that the respondent waived any right to keep the underlying allegations confidential, it ordered that all references to the underlying disciplinary complaint be redacted from the public record and filed under seal. It recommended, however, that this court direct that all references to the underlying case be unsealed.

■■■ Briefs were filed in this court by Bar Counsel and the Board, but not by respondent. Bar Counsel agrees with the Board's factual findings and recommended sanction. This court will accept the Board's findings as long as they are supported by substantial evidence in the record. D.C. Bar R. XI, § 9(g)(1). Moreover, we will impose the sanction recommended by the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." *Id.* We conclude there is substantial support in the record for the Board's findings, and accordingly, we accept them. Likewise, we adopt the sanction recommended by the Board, as it is not inconsistent with discipline imposed in cases involving similar violations. *See In re Burnett,* 878 A.2d 1291 (D.C.2005) (imposing a 30–day suspension with a fitness requirement for failing to respond to Bar Counsel); *In re Scanlon,* 865 A.2d 534 (D.C.2005); *In re Steinberg,* 864 A.2d 120

---

1. The rule states, in part, that "all proceedings involving allegations of misconduct by an attorney shall be kept confidential until either a petition has been filed under section 8(c) or an informal admonition has been issued."

(D.C.2004); *In re Lilly,* 699 A.2d 1135 (D.C.1997).

■ Although there is agreement as to the recommended sanction, Bar Counsel filed an exception challenging the Board's requirement that information relating to the underlying allegations of misconduct be sealed. We agree with the Board and Bar Counsel that respondent waived any rights to keep the underlying information confidential by not asserting any confidentiality right and by referencing the underlying allegations in his brief before the Board. As the Board suggests, we direct that the materials sealed in this matter be unsealed.

■ Bar Counsel requests, however, that we provide guidance regarding the circumstances where underlying allegations of misconduct should be kept confidential in the future. As respondent has waived any hypothetical right to confidentiality in this case, "[t]he suggestion that this court may wish to give the [Board] guidance on an issue not yet presented amounts to a request that we write an advisory opinion.... Courts should not decide more than the occasion demands." *District of Columbia v. Wical Ltd. P'ship,* 630 A.2d 174, 182 (D.C.1993) (citations and internal quotation marks omitted); *see In re Kitchings,* 779 A.2d 926, 932 n. 5 (D.C. 2001) (quoting *Wical* and applying rationale of *Wical* in disciplinary case); *see also In re Greenspan,* 910 A.2d 324 (D.C.2006). Bar Counsel contends that it is ordinarily necessary in failure to cooperate cases to set forth in some detail the circumstances of the underlying claim, and that the plain meaning of the rule and good policy support disclosure of the underlying claims. We express no view whether this is, in fact, necessary and until we have a case that fairly presents the issue for decision by the court, we leave it to the Hearing Committees and the Board to fashion appropriate procedures on a case-by-case basis. Accordingly, it is

ORDERED that Samuel Cooper, III, is suspended from the practice of law in the District of Columbia for a period of 30 days, effective immediately. For purposes of reinstatement, suspension is deemed to commence on the date respondent files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g). It is

FURTHER ORDERED that respondent's reinstatement is conditioned both on proof of his fitness to resume the practice of law and on respondent's full compliance with Bar Counsel's subpoena, entered on October 15, 2003. It is

FURTHER ORDERED that the briefs and record in this matter filed with this court under seal are hereby unsealed.

*So ordered.*