**In re Roger MOORE, Petitioner.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 193334).**

No. 11–BG–301.

District of Columbia Court of Appeals.

Submitted Nov. 16, 2011.

Decided Jan. 5, 2012.

Before GLICKMAN and BLACKBURNE–RIGSBY, Associate Judges, and STEADMAN, Senior Judge.

PER CURIAM:

This case arises from petitioner's 1981 disbarment in the District of Columbia for conviction of crimes of moral turpitude *per se* and his subsequent application for reinstatement in 2009. The Ad Hoc Hearing Committee of the Board on Professional Responsibility ("Hearing Committee") found that petitioner failed to show by clear and convincing evidence that he had the moral character to support reinstatement and recommends that his petition be denied. Petitioner does not challenge this recommendation. Although Bar Counsel agrees that the petition should be denied, Bar Counsel argues that the Hearing Committee should have made additional factual findings and recommended that the nature and circumstances of petitioner's criminal conduct warrant that his disbarment be deemed permanent. We adopt the Hearing Committee's recommendation.

Disbarment based upon convictions of crimes of moral turpitude, under D.C.Code § 11–2503(a) (2001), was once *de facto* permanent, but this court, in *In re McBride,* 602 A.2d 626, 641 (D.C.1992) (*en banc*), ruled that attorneys disbarred for such convictions could apply for reinstatement after a disbarment period of at least five years, the same period provided for disbarments for violations of the Rules of Professional Conduct. Further, under D.C. Bar R. XI, § 16(g), "if a petition for reinstatement is denied, no further reinstatement may be filed until the expiration of at least one year following the denial unless the order of denial provides otherwise."

Bar Counsel argues that, in this case, the nature and circumstances of petitioner's criminal conduct were so extreme as to mandate permanent disbarment. However, petitioner has applied only once for reinstatement, and he does not challenge the Hearing Committee's adverse recommendation. Under these circumstances, we see no need to address the issue of permanency, particularly where petitioner's intent to reapply for reinstatement hereafter is unclear.[1] We need not reconcile the facts of this case with *McBride* "until we have a case that fairly presents the issue for decision by the court." *In re Cooper,* 936 A.2d 832, 834–35 (D.C.2007).

Accordingly, we accept the Hearing Committee's recommendation and deny the petition for reinstatement.

*So ordered.*

---

1. As we decline to address permanency, we deny petitioner and Bar counsel's requests for oral argument. We further deny, on the same grounds, Bar Counsel's request to remove the case from the summary calendar and order briefing.