*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 23-BG-0545

IN RE MARYLIN JENKINS, RESPONDENT.

An Administratively Suspended Member of the
Bar of the District of Columbia Court of Appeals
(Bar Registration No. 390626)

On Report and Recommendation of the Board on Professional
Responsibility Ad Hoc Hearing Committee
Approving Petition for Negotiated Discipline
(Disciplinary Docket No. 2022-D094)
(Board Docket No. 23-ND-002)

(Decided: July 27, 2023)

Before HOWARD and ALIKHAN, *Associate Judges*, and FISHER, *Senior Judge*.

PER CURIAM: This decision is non-precedential. Please refer to D.C. Bar R. XI, § 12.1(d) regarding the appropriate citation of this opinion.

In this matter, the Hearing Committee recommends approval of a petition for negotiated attorney discipline. *See* D.C. Bar R. XI, § 12.1(c). Respondent Marylin Jenkins voluntarily acknowledged that, in connection with applying for a job in California, she concealed her prior discipline in this jurisdiction (a 2016 reprimand

for a violation of D.C. R. Prof. Conduct 8.4(c)), her prior employment out of which that 8.4(c) violation arose, and even her admission to the D.C. Bar. As a result, Ms. Jenkins admits that she (again) violated D.C. R. Prof. Conduct 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation), as well as the corresponding and substantially similar Cal. R. Prof. Conduct 8.4(c) (conduct involving dishonesty, fraud, deceit, or reckless or intentional misrepresentation). The proposed discipline consists of a 30-day suspension.

Having reviewed the Hearing Committee's recommendation in accordance with our procedures in uncontested disciplinary cases, *see* D.C. Bar R. XI, § 12.1(d), we agree that this case is appropriate for negotiated discipline and that "the agreed-upon sanction is 'justified,'" *In re Mensah*, 262 A.3d 1100, 1104 (D.C. 2021) (per curiam) (quoting D.C. Bar R. XI, § 12.1(c)(3)), given the sanctions we have previously imposed for similar violations, *see, e.g.*, *In re Rosen*, 481 A.2d 451, 455 (D.C. 1984) (imposing a 30-day suspension on an attorney who made three misrepresentations to the court and previously had been reprimanded for misrepresentation). We also agree with the Hearing Committee that, in these circumstances, there is no need to decide whether our rules or California's rules apply to respondent's misconduct. *See* D.C. R. Prof. Conduct 8.5(b)(2)(ii) ("If the lawyer is licensed to practice in this and another jurisdiction, the rules to be applied

shall be the rules of the admitting jurisdiction in which the lawyer principally practices; provided, however, that if particular conduct clearly has its predominant effect in another jurisdiction in which the lawyer is licensed to practice, the rules of that jurisdiction shall be applied to that conduct."); *In re Tun*, 286 A.3d 538, 543 (D.C. 2022) (explaining that even when we evaluate an attorney's misconduct under another jurisdiction's rules, we follow District of Columbia law when determining the appropriate sanction); *In re Cooper*, 936 A.2d 832, 835 (D.C. 2007) ("Courts should not decide more than the occasion demands." (quoting *District of Columbia v. Wical Ltd. P'ship*, 630 A.2d 174, 182 (D.C. 1993))).  Accordingly, it is

ORDERED that respondent Marylin Jenkins is hereby suspended from the practice of law in the District of Columbia for 30 days.  We direct respondent's attention to D.C. Bar R. XI, § 14(g), which requires the filing of an affidavit with this court for purposes of reinstatement in accordance with D.C. Bar R. XI, § 16, and Board Prof. Resp. R. 9.

*So ordered.*