*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 23-BG-0554

IN RE DARLENE C. JACKSON, RESPONDENT.

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 445931)

On Report and Recommendation
of the Board on Professional Responsibility

(BDN: 22-BD-020; DDN 2020-171)

(Decided August 31, 2023)

Before MCLEESE and DEAHL, *Associate Judges*, and WASHINGTON, *Senior Judge*.

PER CURIAM: The Board on Professional Responsibility recommends that Darlene C. Jackson be suspended from the practice of law for 60 days with reinstatement conditioned upon a showing of fitness. Specifically, the Board found that respondent issued a subpoena in a federal court civil action while discovery was stayed; disclosed the contents of a sealed settlement agreement; and failed to comply with local rules and court orders, violating D.C. R. Prof. Conduct 3.4(c). During the course of the investigation into the charges, respondent failed to respond to Disciplinary Counsel despite a Board order directing her to do so; therefore, the

Board also found that respondent violated D.C. R. Prof. Conduct 8.1(b) (knowing failure to respond to Disciplinary Counsel), D.C. R. Prof. Conduct 8.4(d) (serious interference with the administration of justice), and D.C. Bar R. XI, § 2(b)(3) (failure to comply with Board order). Respondent did not participate in the disciplinary proceedings and has not filed any exceptions to the Board's report and recommendation. Respondent also has not yet filed the required D.C. Bar R. XI, § 14(g) affidavit after the court imposed an interim suspension on August 10, 2023.

Under D.C. Bar R. XI, § 9(h)(2), "if no exceptions are filed to the Board's report, the [c]ourt will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions." *See also In re Viehe*, 762 A.2d 542, 543 (D.C. 2000) (per curiam) ("When . . . there are no exceptions to the Board's report and recommendation, our deferential standard of review becomes even more deferential."). Because no exceptions have been filed and we agree that the Board's recommended sanction is reasonable and appropriate for the violations presented here,[1] we accept the recommendation that respondent be

---

[1] *See, e.g.*, *In re Padharia*, 235 A.3d 747, 748-49 (D.C. 2020) (per curiam) (imposing six-month suspension and conditioning reinstatement on the attorney's demonstrating his fitness to resume the practice of law for violating D.C. R. Prof. Conduct 3.4(c), 8.1(b), and 8.4(d) where the attorney ignored filing deadlines in 30

suspended for sixty days with reinstatement conditioned on demonstrating fitness to practice law.

Accordingly, it is

ORDERED that respondent Darlene C. Jackson is hereby suspended from the practice of law in the District of Columbia for 60 days, with reinstatement conditioned on demonstrating fitness to practice law. Respondent's attention is directed to the requirements of D.C. Bar. R. XI, § 14 and their effect on eligibility for reinstatement. *See* D.C. Bar. R. XI, § 16(c).

*So ordered.*

---

immigration matters, resulting in dismissal of those actions, and failed to respond to Disciplinary Counsel's inquiries for nearly seven months); *In re Wemhoff*, 142 A.3d 573, 573-74 (D.C. 2016) (per curiam) (imposing 30-day suspension stayed with one-year probation and additional conditions for violations of D.C. R. Prof. Conduct 3.4(c), 8.4(d) and 1.6(a) where the attorney disclosed client confidences while withdrawing from representation and failed to attend a court-ordered status hearing, but apparently cooperated with Disciplinary Counsel's investigation); *In re Cooper*, 936 A.2d 832, 833 (D.C. 2007) (per curiam) (imposing 30-day suspension with fitness requirement for violations of D.C. R. Prof. Conduct 8.1(b) and 8.4(d) and D.C. Bar R. XI, § 2(b)(3)).