*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 24-BG-0640

IN RE PJERIN LUMAJ, RESPONDENT.

A Member of the Bar of the District of Columbia Court of Appeals
(Bar Registration No. 984454)

On the Supplemental Report and Recommendation of the
Board on Professional Responsibility Ad Hoc Hearing Committee
Approving Petition for Negotiated Discipline
(BDN: 22-ND-003; DDNs: 2018-D256, 2019-D289, 2020-D130)

(Decided: January 16, 2025)

Before MCLEESE and DEAHL, *Associate Judges*, and STEADMAN, *Senior Judge*.

PER CURIAM: This decision is non-precedential. Please refer to D.C. Bar R. XI, § 12.1(d) regarding the appropriate citation of this opinion.

In this disciplinary matter, the Hearing Committee recommends, for a second time, approval of the parties' petition for negotiated attorney discipline. *See* D.C. Bar R. XI, § 12.1(c). Respondent Pjerin Lumaj voluntarily acknowledged that in three client matters, he failed to maintain complete financial records of entrusted

funds, and that in two of the three matters, he failed to provide the clients with written fee agreements. As a result, respondent admits that he violated D.C. R. Pro. Conduct 1.15(a) and 1.5(b). The proposed discipline consists of a thirty-day suspension stayed in favor of one year of probation with conditions.

A division of this court previously rejected the petition for negotiated discipline, *In re Lumaj*, No. 23-BG-680, Order (Oct. 6, 2023), and we sought the views of the Board on Professional Responsibility after the Hearing Committee again recommended approving the petition, D.C. Bar R. XI, § 12.1(d). Having reviewed the Board's report, the Office of Disciplinary Counsel's response thereto, and the Board's unopposed motion for leave to file a supplemental report addressing specific points in the response, we agree that this case is appropriate for negotiated discipline and that "the agreed-upon sanction is 'justified,'" *In re Mensah*, 262 A.3d 1100, 1104 (D.C. 2021) (per curiam) (quoting D.C. Bar R. XI, § 12.1(c)(3)), in light of reasonably analogous precedents, *see, e.g.*, *In re Botty-Van Den Bruele*, 277 A.3d 1269 (D.C. 2022) (per curiam); *In re Iwuji*, 223 A.3d 108 (D.C. 2020) (per curiam). Although the Board and the Office of Disciplinary Counsel have, in addition to recommending approval of the petition, offered competing proposals for prospective guidance related to recordkeeping and commingling violations, we conclude that those issues should not be resolved in advance of a contested case that fairly presents

those issues for decision. *See In re Cooper*, 936 A.2d 832, 835 (D.C. 2007). Accordingly, it is

ORDERED that the Board's motion for leave is granted, and the supplemental report attached thereto is filed. It is

FURTHER ORDERED that respondent Pjerin Lumaj is hereby suspended from the practice of law in the District of Columbia for thirty days, stayed in its entirety, and placed on one year of probation with the following conditions:

(i) Respondent must take three hours of preapproved continuing legal education related to the maintenance of trust accounts, recordkeeping, and/or safeguarding client property. Respondent must certify and provide documentary proof that he has met this requirement to the Office of Disciplinary Counsel within six months from the date of this opinion.

(ii) Respondent shall not engage in any misconduct in this or any other jurisdiction within one year from the date of this opinion. If the Office of Disciplinary Counsel has probable cause to believe that respondent has engaged in any misconduct, it may request that he be required to serve the stayed thirty-day suspension.

*So ordered.*